IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN AKUBU** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-6929 |
| | : | |
| **GEORGE W. HILL CORRECTIONAL** | : | |
| **FACILITY**, *et al.*, | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 28th day of February 2025, upon consideration of Plaintiff Jonathan Akubu's *motions to proceed in forma pauperis* (ECF Nos. 1, 4), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is hereby **ORDERED** that:

1. Motions to proceed *in forma pauperis* are **GRANTED**.

2. Jonathan Akubu, # 215800, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Akubu's inmate account; or (b) the average monthly balance in Akubu's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Akubu's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Akubu's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Warden of the Lehigh County Jail.

4. The Complaint is **DEEMED** filed.

5. Akubu's claims against Defendants George W. Hill Correctional Facility and Maintenance Supervisor A. Jackson are **DISMISSED, with prejudice,** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The *only* claim that remains in this case is Akubu's First Amendment retaliation claim against Warden L. Williams.

6. The Clerk of Court is **DIRECTED** to terminate George W. Hill Correctional Facility and Maintenance Supervisor A. Jackson as Defendants.

7. The Clerk of Court is specially appointed to serve a written waiver request on the following Defendant, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service for :

    a. Warden L. Williams

8. The waiver of service request shall be accompanied by a copy of the Complaint and shall inform the Defendant of the consequences of compliance and failure to comply with the requests. The request shall allow the Defendant at least 30 days from the date it is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver.

9. If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

10. The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

11. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions**

unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

12. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

13. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Akubu is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

14. Once discovery is permitted, Akubu should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local Rule 26.1(f), Akubu shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

15. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

16. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

17.    Akubu may file a motion for voluntary dismissal of this case at any time if Akubu decides not to pursue it.  In making this decision, Akubu should consider the statute of limitations.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

4